UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:19 CR 232 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| | ) | |
| CHRISTOPHER ALSTON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's pro se Motion for Reduction in Sentence Pursuant to § 3582(c)(1)(A)(i). (ECF # 25). The Court appointed an attorney to review Mr. Alston's case and the attorney filed a notice informing the Court that he would not be filing any further on Mr. Alston's behalf. (ECF #28). The Government filed an opposition to Mr. Alston's pro se motion. (ECF #30). No reply was filed.

Under the terms of the First Step Act, 18 U.S.C. §3582(c)(1)(A), an inmate may file a request with the court to modify an imposed term of imprisonment for "extraordinary and compelling reasons." Prior to taking such action, however, the inmate is required to request that the Director of the Bureau of Prisons ("BOP") file a motion on his behalf, and to "fully exhaust[] all administrative rights to appeal a failure of the BOP to bring a motion." *Id.* Administrative rights are exhausted when the warden refuses to recommend that the BOP file a compassionate release motion with the court, and the prisoner appeals the denial using the BOP's Administrative Remedy program, or if there has been a "lapse of 30 days from the receipt of such

1

a request by the warden of the defendant's facility." Program Statement 1330.18; 28 C.F.R. 542(B), The Sixth Circuit has interpreted this to mean that the exhaustion requirement is satisfied thirty days after a warden receives a request by an inmate, regardless of whether any administrative appeals are available or have been pursued. *See, United States v. Alam*, 960 F.3d 831 (6th Cir. 2020). This exhaustion requirement is "mandatory" if invoked by the government and is not subject to any "judge-made exceptions." *Alam*, 960 F.3d at 834. There are no equitable exceptions "to account for irreparable harm or futility," including in cases involving COVID-19. *Id.* at 835-36; *USA v. Minor*, Case No. 20-3467, at 3 (6th Cir. March 2, 2021). The Government does not challenge Mr. Alston's representation that he filed a request for compassionate release with the Warden of F.C.I. Forrest City on November 13, 2020. The BOP did not respond to his request. Because more than thirty days have passed since the BOP received the request, under Sixth Circuit precedent this motion is properly before this Court.

In order to justify compassionate release a court must: (1) find that extraordinary and compelling reasons warrant a sentence reduction; and (2) consider the applicable §3553(a) factors. *See, United States v. Jones*, Case No 20-3701, at 9 (6th Cir., Nov. 20, 2020). The Sixth Circuit has recently stated that, following the passage of the First Step Act, the policy statements set forth in U.S.S.G. §1B1.13 are not "applicable" policy statements that court must consider in making a decision on a compassionate release motion brought directly by an inmate. *United States v. Elias*, Case No. 20-3654 (6th Cir., January 6, 2021); *Jones* at 13; *Minor* at 2. Therefore, "[u]ntil the Sentencing Commission updates §1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a §3582(c)(1)(A) motion."

2

*Jones* at 13. A "compassionate release decision is discretionary, not mandatory." *Jones* at 9; *Cf. United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010).

Mr. Alston seeks to be released in order to care for his mother, who he claims needs assistance with the management of her medical problems and with daily living. In support of this request he has submitted a letter from his mother's physician, dated October 2, 2020, and a summary from her doctor's visit on November 5, 2020. This documentation does not support a finding of extraordinary and compelling reasons to reduce Mr. Alston's sentence. The information from Ms. Alston's physician lists her medical problems as including: Non-insulin dependent diabetes mellitus, chronic obstructive pulmonary disease, hypertension, and lumbar spinal stenosis. It also notes that she had a remote history of breast cancer, and several joint replacements, but does not indicate how long ago those occurred, or whether they have any current impact on her ability to provide self-care. Her visitation report indicates that she is not in any pain, and lists multiple medications that are being used to treat and/or manage her health issues. Although her doctor states that she would benefit from the assistance of her son, he does not opine that she is unable to live on her own, or that she is incapable of managing her health issues without assistance. There is also no indication that Ms. Alston's condition has deteriorated since Mr. Alston sentencing.

Mr. Alston's request includes a statement to the Court which suggests that Ms. Alston does have family who could provide some help to her, though not 24 hour care. (ECF #25-2, PageID 150 ("she has family out there, at the same time she has no one who is able to be there around the 24 hour period. . . because they also have families of their own to care for.")). There is no evidence before the Court that would support a finding that Ms. Alston is in dire need of 24 hour care. It is truly unfortunate that, due to Mr. Alston's conviction, he is not able to provide

3

assistance to his mother, however, the circumstances before the Court do not rise to the level of extraordinary and compelling reasons to reduce his sentence.

In addition, even if the Court were to find extraordinary and compelling reasons to consider relief, it must also balance all of the §3553 sentencing factors, including but not limited to, the nature and circumstances of the offense, the history and character of the defendant, the need for the sentence originally imposed, the protection of the community, the avoidance of unwarranted sentencing disparities, and all of the other considerations that went into the original sentencing decision. A fair balancing of the 18 U.S.C. §3553(a) factors, leads to the conclusion that under this set of circumstances, a reduction in sentence would not be appropriate.

Reducing his sentence would create an unjustified disparity between him and other defendants with similar charges and criminal history. For purposes of this opinion, the Court considered Mr. Alson's filings, the plea agreement, and the record relating to his pre-sentence report and original sentencing. In addition it balanced all the factors set forth in 18 U.S.C. §3553(a). Considering all these factor, the Court finds, in its discretion, under the totality of the circumstances, that the Defendant's Motions for Compassionate Release should be DENIED. (ECF#25). IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
Senior United States District Judge

DATE: May 12, 2021